# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br><br>Fortino Maldonado-Guillen | )<br>)  Case No: 5:14-cr-72-KDB-SCR-9<br>)<br>)  USM No: 58890-056<br>) |
| Date of Original Judgment: 06/10/2016<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 06/10/2016 shall remain in effect.
**IT IS SO ORDERED**.

Signed: October 31, 2024

*Kenneth D. Bell*
*United States District Judge*

*Judge's signature*

Effective Date: _____    Kenneth D. Bell
*(if different from order date)*    *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Fortino Maldonado-Guillen
CASE NUMBER: 5:14-cr-72-KDB-SCR-9
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 39     Amended Total Offense Level: 39
Criminal History Category: II     Criminal History Category: I
Previous Guideline Range: 292 to 365 months     Amended Guideline Range: 262 to 327 months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The amendment to U.S.S.G. §4A1.1 in Amendment 821 does apply to the Defendant as he had "status points" as his offense was committed while he was under a criminal sentence. (Doc. No. 309, ¶ 101). With the removal of the 2 status points (because the Defendant had 6 or fewer criminal history points), criminal history points of 1 equals a criminal history category I. With an Offense Level of 39 and a criminal history category I, the amended sentencing range becomes 262-327 months imprisonment. Defendant was sentenced to 235 months imprisonment. (Doc. No. 405). Due to the limitation provided in U.S.S.G. §1B1.10(b)(2)(A), the Court cannot impose a sentence below the already imposed sentence. Amendment 821 provides no relief to Defendant.